NOT DESIGNATED FOR PUBLICATION

No. 116,045

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILBUR J. TANNAHILL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; MICHAEL E. WARD, judge. Opinion filed February 24, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*:  Wilbur J. Tannahill appeals the district court's decision denying his motion to correct illegal sentence. We granted Tannahill's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (Kan. S. Ct. R. 48). The State has filed no response.

On November 20, 2007, Tannahill was found guilty after a jury trial of aggravated indecent liberties with a child. On January 7, 2008, the district court sentenced Tannahill to 154 months' imprisonment. Tannahill's conviction was affirmed by this court in *State v. Tannahill*, No. 100,288, 2010 WL 198484 (Kan. App. 2010) (unpublished opinion). The Kansas Supreme Court denied Tannahill's petition for review on March 31, 2010.

1

On January 27, 2016, Tannahill filed a pro se motion to correct illegal sentence pursuant to K.S.A. 22-3504. In the motion, Tannahill alleged that his sentence was illegal because neither the Kansas Constitution nor the legislature had vested the district court with subject matter jurisdiction to sentence him. On February 11, 2016, the district court summarily denied Tannahill's motion, specifically finding that K.S.A. 22-2601 conferred subject matter jurisdiction on the district court. Tannahill timely appealed.

On appeal, Tannahill again claims that the district court "lacked subject matter jurisdiction to impose a sentence on [him]." Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *State v. Dull*, 302 Kan. 32, 61, 351 P.3d 641 (2015).

Article 3 § 6(b) of the Kansas Constitution provides that district courts shall have such jurisdiction in their respective districts as may be provided by law. K.S.A. 20-301 provides that each county shall have a district court of record which shall have original jurisdiction of all matters both civil and criminal, unless otherwise provided by law. Moreover, as found by the district court in denying Tannahill's motion, K.S.A. 22-2601 confers subject matter jurisdiction on the district courts to try all felony and other criminal cases arising under the statutes of the State of Kansas. Finally, K.S.A. 22-3424 authorizes the district court to render judgment and impose sentence in criminal cases.

Tannahill cites *State v. Hall*, 246 Kan. 728, 757, 793 P.3d 737 (1990), *overruled on other grounds by State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016), but this case actually refutes his claim. In *Hall*, the Kansas Supreme Court stated: "Subject matter jurisdiction lies in the district court and follows the defendant through the process of the issuing of the complaint, arrest pursuant to a warrant, initial appearance, the setting or denial of bond at the bond hearing, and the preliminary hearing, arraignment, and trial." 246 Kan. at 757. Moreover, as Tannahill acknowledges in his motion for summary disposition, *State v. Keel*, 302 Kan. 560, 573-74, 357 P.3d 251 (2015), stands for the

2

general proposition that the legislature intended district courts to have the authority to sentence persons convicted of a felony. Clearly, the district court was vested with subject matter jurisdiction to convict Tannahill of aggravated indecent liberties with a child and to sentence him for this crime. We conclude the district court did not err in summarily denying Tannahill's motion to correct illegal sentence.

Affirmed.